IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DOMINIQUE E. HALL, <br> TDCJ No. 02006760, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § § Civil Action No. 7:17-cv-00076-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Dominique Equinton Hall pursuant to 28 U.S.C. § 2254. ECF No. 3. After considering the pleadings and the applicable law, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS the Petition for Writ of Habeas Corpus (ECF No. 3) with prejudice as time-barred.

**I.    BACKGROUND**

This case involves a Petition for Writ of Habeas Corpus filed by Dominique Equinton Hall ("Petitioner"), an inmate confined in the Price Daniel Unit of the Texas Department of Criminal Justice in Snyder, Texas. ECF No. 9. Petitioner challenges the validity of his state conviction of possession of a controlled substance in a drug-free zone with intent to deliver. ECF No. 3. Petitioner seeks federal habeas relief based on claims of ineffective assistance of counsel, improper conviction based on evidence that he was not within the drug-free zone, and an involuntary guilty

plea. *Id.* at 6–7A. Pursuant to the Court's Order (ECF No. 10), Respondent has filed a preliminary response arguing that the one-year statute of limitations bars the instant Petition. ECF No. 18. Petitioner filed a reply, arguing that his claims are not time-barred. ECF No. 19.

On June 5, 2015, Petitioner pleaded guilty to possession of a controlled substance in a drug-free zone with intent to deliver and was sentenced to eight years in prison. ECF No. 3 at 10. Petitioner did not appeal the conviction. ECF No. 18 at 3. Petitioner properly filed a state habeas application on April 29, 2016. ECF No. 17-4. The Texas Court of Criminal Appeals denied the application without written order on July 13, 2016. ECF No. 17-1. Petitioner filed a second state habeas application on December 9, 2016. ECF No. 17-6. On February 1, 2017, the Texas Court of Criminal Appeals dismissed the second application because the application was filed after final disposition of an initial application challenging the same conviction. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2015); ECF No. 17-5. Petitioner then filed the instant petition on May 3, 2017. ECF No. 3.[1]

## II. LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). The signature dates are construed as the date of filing for purposes of this review.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted and sentenced on June 5, 2015. ECF No. 3 at 10. Petitioner did not file a direct appeal. ECF No. 18 at 3. Because Petitioner was convicted by a Texas court, the Texas Rules of Appellate Procedure govern and here required that to timely appeal his conviction, Petitioner must have filed a notice of appeal within thirty days after the day the court imposed his sentence. Tex. R. App. P. 26.2(a). Petitioner's conviction thus became final under the applicable AEDPA subsection on July 5, 2015—the last day on which he could have timely filed an appeal. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of–(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]"). Therefore, the one-year period in which Petitioner was required to file a petition for writ of habeas corpus would have expired on July 5, 2016.

A "properly filed" state habeas application will toll the federal statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner properly filed a state habeas application on April 29, 2016.[2] ECF 17-4. This tolled the federal limitations period for seventy-six days, the duration of the pendency

---

[2] The signature dates are construed as the date of filing for purposes of this review.

3

of his state habeas application. 28 U.S.C. § 2244(d)(2). Subsequently, the federal limitations period again began to run after the Texas Court of Criminal Appeals denied Petitioner's state habeas application on July 13, 2016. ECF No. 17-1. Therefore, Petitioner's federal habeas petition was required to be filed by September 19, 2016. Petitioner failed to file his federal habeas petition within the statutory period of limitations, as the earliest possible filing date of the instant petition is May 3, 2017. *See* ECP. No. 3; 28 U.S.C. § 2244(d)(1). Petitioner filed his second state habeas application on December 9, 2016—after the expiration of the federal statute of limitations period. ECF No. 17-6. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitation period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Petitioner is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, any right newly recognized by the Supreme Court made retroactive on collateral review, or any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing."

*Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

Under Fifth Circuit precedent, long delays in a petitioner's receipt of notice of state court action may warrant equitable tolling. *See Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (finding that the Court of Criminal Appeals is legally obligated to notify a petitioner once a decision has been rendered on his state habeas petition under Tex. R. App. P. 77.4(a)). A petitioner must show, however, that he pursued relief with "diligence and alacrity both before and after receiving notification." *Id.* (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)) (finding that a petitioner who filed his state habeas application within three months of his conviction becoming final and waited eleven months after filing his state writ to inquire about its status was diligent in pursuing relief and entitled to equitable tolling, especially as he twice contacted the state court when he did not receive a response to his first inquiry within two months). *But see Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (finding that a petitioner who filed his state habeas application seven months after his conviction became final, waited ten months after filing before inquiring about its status, and waited another eighteen months before making his second inquiry as to the status of his case, was not entitled to equitable tolling).

In the instant case, the Petitioner waited over ten months to file his first state habeas application. ECF No. 17-4; *see Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding the federal petition as time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost eleven months to file a state habeas application); *Stroman*, 603 F.3d at 302 (finding in part that a petitioner was not entitled to equitable tolling because he filed his state habeas seven months after

the conviction became final and at a time when there remained only five months of the limitations period).

The Petitioner did, however, diligently pursue relief *before* receiving notification of his first state habeas denial. The Petitioner sent the clerk of the Texas Criminal Court of Appeals a letter on September 6, 2016—two months after the Court denied the application—providing additional evidence he wished for the Court to consider in reaching its decision. ECF No. 17-2. On November 23, 2016, the Petitioner sent another letter to the clerk to inquire as to the status of his state habeas application after receiving no response from the clerk since June 10, 2016. ECF No. 17-3. Thus, the Petitioner's inquiries and actions are more analogous to the diligence pursued by the petitioner in *Hardy*, in which the Fifth Circuit found that the petitioner diligently pursued his federal habeas relief after he made two separate inquiries within two months of each other after receiving no response from the clerk. 577 F.3d at 599. While the Petitioner diligently pursued relief *before* receiving notification of his first state habeas denial, the Court must also consider whether the Petitioner pursued relief with "diligence and alacrity" *after* receiving notification of his first state habeas denial on November 28, 2016 in determining whether a petitioner is entitled to equitable tolling. *Id.* at 598.

Here, the Petitioner did not file his federal habeas petition until May 3, 2017—157 days after receiving notice that his first state habeas petition had been denied. ECF No. 3; *see Stroman*, 603 F.3d at 301 (5th Cir. 2010) (finding that the petitioner had not shown the due diligence required for equitable tolling in part because he filed his federal habeas petition forty-eight days after receiving notice of the denial of his state habeas application). Thus, unlike the petitioner in *Hardy*, who filed his federal habeas petition seven days after receiving notice that his state writ application had been denied, the Petitioner in the instant case filed his federal habeas petition 157 days after

6

receiving notice that his state writ application had been denied. ECF No. 3; *Hardy*, 577 F.3d at 598.

Petitioner did, however, file a second state habeas application on December 9, 2016—eleven days after receiving notice that his first state habeas petition had been dismissed. *See* ECF No. 17-6. The Texas Court of Criminal Appeals dismissed the subsequent application under Article 11.07 of the Texas Code of Criminal Procedure on February 1, 2017. ECF No. 17-5; Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2015). Petitioner's second state habeas application included an actual innocence claim based on evidence that allegedly was not available at the time of his first state habeas application. ECF No. 17-6. However, even if the Court were to view Petitioner's second habeas application as an event that tolled the statute of limitations, Petitioner still failed to file his federal habeas petition within the statutory period of limitations, which would have been March 31, 2017.[3] Therefore, even if the Court were to count the second petition as tolling the limitations period, his federal habeas application was filed untimely. Accordingly, this case is subject to dismissal as barred by the statute of limitations, and the Petitioner is not entitled to equitable tolling of the statute of limitations.

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman*

---

[3] The Petitioner filed his second state habeas application on December 9, 2016, and the Texas Court of Criminal Appeals denied the application on February 1, 2017. ECF No. 17-6. Thus, assuming, *arguendo*, that the Court considered the second application, it would toll the limitations period for fifty-five days.

7

*v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992)); *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (actual innocence, *pro se* status, and ignorance of the law do not constitute "rare and exceptional" circumstances); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. Petitioner has not demonstrated he pursued relief with "diligence and alacrity both before and after receiving notification" of the denial of his state writ application, and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Phillips*, 216 F.3d at 511 (requiring that a petitioner show diligence upon notification that a decision has been rendered on [his] state habeas petition); *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even

assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application); *Williams v. Thaler*, 400 Fed.Appx. 886, 891 (5th Cir. 2010) (to show reasonable diligence for purposes of equitable tolling, the petitioner must "demonstrate that he quickly pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application."). Accordingly, this case is subject to dismissal as barred by the statute of limitations.

## III.  CONCLUSION

Because Petitioner did not file his petition within the statutory period, is not entitled to statutory tolling, and has not shown that he is entitled to equitable tolling of his time-barred habeas petition, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 3) be DISMISSED with prejudice as time-barred.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 31, 2017.

                                                    _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE